UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


CHARLES BELLINO,                    :
        Petitioner,                 :
                                    :           PRISONER
        v.                          :   Case No. 3:03cv1346(DJS)
                                    :
JOHN ARMSTRONG,                     :
        Respondent.                 :


RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Charles Bellino, Sr., currently confined at the Radgowski Correctional Institution in Uncasville, Connecticut, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his conviction on the charge of manslaughter in the first degree, attempt to commit assault in the first degree and carrying a pistol without a permit.  For the reasons set forth below, the amended petition is denied.

I.    Procedural Background

After a trial in the Connecticut Superior Court for the Judicial District of New Haven, a jury convicted the petitioner of one count of manslaughter in the first degree in violation of Connecticut General Statutes § 53a-55(a)(1), one count of attempted assault in the first degree in violation of Connecticut General Statutes §§ 53a-49(a) and 53a-59(a)(1), and one count of carrying a pistol without a permit in violation of Connecticut

General Statutes § 29-35.  The judge sentenced the petitioner to a total effective sentence of thirty-five years of imprisonment.

On direct appeal, the petitioner claimed that the trial court failed to properly instruct the jury regarding self-defense.  The petitioner argued that (1) the trail judge "failed to instruct the jury, in accordance with General Statutes 53a-19(b)(1), that the defendant was required to retreat only if he could do so with complete safety" and (2) the trial judge "did not properly instruct the jury, in accordance with General Statutes 53a-19(a), regarding the subjective aspect of the self-defense inquiry."  State v. Bellino, 31 Conn. App. 385, 389, 625 A.2d 1381, 1383 (1993).  On May 25, 1993, the Connecticut Appellate Court affirmed the petitioner's conviction.  See id. at 396, 625 A.2d at 1386.  On July 8, 1993, the Connecticut Supreme Court granted certification on the following issues:

> 1. Whether the Appellate Court properly held that the instructions on self-defense, General Statutes § 53a-19, did not abuse the court's discretion, where it did not instruct on the statutory duty to retreat and the limitations on that duty?

> 2. Whether the Appellate Court properly held that the instructions on self-defense, relative to the subjective-objective test employed by the jury in evaluating the degree of force used, were correct?

State v. Bellino, 226 Conn. 917, 628 A.2d 988 (1993).  On February 1, 1994, the Connecticut Supreme Court dismissed the appeal because it determined that "certification was

2

improvidently granted." <u>State v. Bellino</u>, 228 Conn. 851, 635 A.2d 812 (1994).

In 1994, the petitioner filed his first petition for writ of habeas corpus, in the Connecticut Superior Court for the Judicial District of New Haven. <u>See</u> <u>Bellino v. Barbieri</u>, No. 359354, 1995 WL 779092 (Conn. Super. Ct. Dec. 7, 1995). In the amended petition filed in that action, he alleged ineffective assistance of trial counsel. <u>See</u> <u>id.</u>, at *1. On December 7, 1995, the court denied the petition. <u>See</u> <u>id.,</u> at *3. The petitioner then petitioned for certification to appeal the habeas court's judgment pursuant to Connecticut General Statutes § 52-470.[1] On January 25, 1996, Justice Berdon denied the petition for certification. <u>See</u> <u>Bellino v. Warden</u>, No. 359354, 1996 WL 62665 (Conn. Super. Ct. Jan. 25, 1996).

In April 1996, the petitioner filed a second petition for writ of habeas corpus in state court. <u>See</u> <u>Bellino v. Warden</u>, CV96-0385492 (Conn. Super. Ct. July 30, 1996). The court granted

---

[1] Prior to 2002, Connecticut General Statutes § 52-470(b) read,

> No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.

Conn. Gen. Stat. § 52-470(b), <u>amended by</u> 2002, P.A. 02-132 § 78.

3

respondent's motion to dismiss on July 30, 1996.   There is no record of an appeal from that decision.

On January 15, 1997, the petitioner filed a third habeas petition in the Connecticut Superior Court for the Judicial District of New Haven.  See Bellino v. Tarascio, No. CV97395745, 2001 WL 688509, (Conn. Super. Ct. May 29, 2001).  On January 16, 2001, the petitioner filed an amended petition asserting that trial counsel advised him to testify falsely, failed to adequately investigate his case, failed to conduct legal research and prepare a defense theory, failed to call witnesses and failed to challenge the sufficiency of the evidence.  See id., at *1. The petitioner also asserted claims of ineffective assistance of counsel against his attorney from the first habeas case and his attorney on direct appeal.  See id.  On May 25, 2001, the court denied the petition and subsequently denied the petition for certification to appeal the denial of the petition.  See Bellino v. Tarascio, No. CV97395745, 2001 WL 688507, (Conn. Super. Ct. May 25, 2001).

On March 25, 2003, the Connecticut Appellate Court dismissed the petitioner's appeals from the judgment of the habeas court denying his petitions for a writ of habeas corpus and for certification to appeal.  See Bellino v. Commissioner of Correction, 75 Conn. App. 743, 748, 817 A.2d 704, 707 (2003).  On July 2, 2003, the Connecticut Supreme Court denied the

4

petitioner's petition for certification to appeal the decision of
the Connecticut Appellate Court.  See Bellino v. Commissioner of
Correction, 264 Conn. 915, 826 A.2d 1159 (2003).

In 2003, the petitioner filed this petition for writ of
habeas corpus challenging his state conviction on two grounds.
In September 2004, the petitioner filed an amended petition for
writ of habeas corpus raising four grounds: (1) the trial court
violated his constitutional right to a fair trial when it erred
in its charge to the jury on the law of self-defense; (2) counsel
provided ineffective assistance at trial; (3) the habeas court
abused its discretion when it denied the petition for
certification to appeal the denial of the habeas petition; and
(4) the habeas court erred when it determined that counsel
provided effective assistance at trial.

II.  Factual Background

The Connecticut Appellate Court determined that the jury
reasonably could have found the following facts:

> At approximately 3:45 a.m. on September 24,
> 1989, a jeep and a red hatchback were
> traveling on Sherman Avenue in New Haven. The
> hatchback was driven by Ernest Reid. The
> [petitioner] occupied the front passenger
> seat of the hatchback, and Henry Jackson was
> in the rear seat behind the [petitioner]. The
> jeep was driven by Frederick Stuart.
> Frederick's brother, Jose Stuart, occupied
> the front passenger seat of the jeep, and
> Matthew Taylor was in the rear seat behind
> the driver.
>
> As the two vehicles proceeded along Sherman

5

Avenue, they became embroiled in a "cat and
mouse" game. Reid drove the hatchback in
front of the jeep and then prevented the jeep
from passing the hatchback.

At the intersection of Sherman Avenue and
Chapel Street, the jeep stopped near the curb
and the hatchback stopped to the left of the
jeep. The two vehicles were four to five feet
apart. The driver of the jeep rolled down his
window and asked Reid if he had a problem.
Reid replied that he did not. The driver of
the jeep bent forward, and immediately
thereafter the [petitioner] produced a
handgun and fired two shots at the jeep. As
the jeep then pulled forward, the
[petitioner] fired two or three more shots,
shattering the driver's side and rear windows
of the jeep. The entire incident lasted only
a few seconds. Once they were back at Reid's
apartment, Reid asked the [petitioner] what
had happened. The [petitioner] told Reid that
he thought the driver of the jeep had been
reaching for a weapon. As a result of this
incident, Frederick Stuart died of a gunshot
wound to the head. Taylor sustained a gunshot
wound to the back.

The [petitioner] testified that before the
confrontation with the jeep, he had noticed a
shotgun between the front seats of the
hatchback, near the emergency brake. At some
point during the "cat and mouse" game between
the vehicles, according to the [petitioner],
Reid pointed the shotgun over the
[petitioner] and toward the jeep. After the
[petitioner] pushed the shotgun away from his
face, Reid put the gun back between the front
seats. The [petitioner] further testified
that, at the intersection of Sherman Avenue
and Chapel Street, after the oral exchange
between the drivers, the driver of the jeep
made a movement, Jackson yelled that the
occupants of the jeep had a gun and then
gunfire began, at which time the [petitioner]
ducked and stayed down for the duration of
the gunfire. The [petitioner] stated that he
did not possess a weapon or shoot anyone

6

during the encounter.

Bellino, 31 Conn. App. at 386-88, 625 A.2d at 1382-83.

III. Standard of Review

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme

Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).

A decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court] has done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002). A state court decision is an "unreasonable application" of clearly established federal law "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the particular case." Id. When considering the unreasonable application clause, the focus of the inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable." Id. The Court has emphasized that "an unreasonable application is different from an incorrect one." Id. (citing Williams v. Taylor, 529 U.S. 362, 411 (2000) (holding that a federal court may not issue a writ of habeas corpus under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly").  In both scenarios, federal law is "clearly
established" if it may be found in holdings, not dicta, of the
Supreme Court as of the date of the relevant state court
decision.  <u>Williams</u>, 529 U.S. at 412.

When reviewing a habeas petition, the federal court presumes
that the factual determinations of the state court are correct.
The petitioner has the burden of rebutting that presumption by
clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  <u>See</u>
<u>Boyette v, Lefevre</u>, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting
that deference or presumption of correctness is afforded to state
court findings where the state court has adjudicated
constitutional claims on the merits).

Collateral review of a conviction is not merely a "rerun of
the direct appeal."  <u>Lee v. McCaughtry</u>, 933 F.2d 536, 538 (7th
Cir.), <u>cert. denied</u>, 502 U.S. 895 (1991).  Thus, "an error that
may justify reversal on direct appeal will not necessarily
support a collateral attack on a final judgment." <u>Brecht v.</u>
<u>Abrahamson</u>, 507 U.S. 619, 634 (1993) (citations and internal
quotation marks omitted).

IV.  <u>Discussion</u>

The respondent argues that the federal court should deny the
petition as the first two grounds because the petitioner has not
demonstrated that any of the state court decisions were contrary
to or an unreasonable application of clearly established federal

law.  The respondent contends that the court should deny the
third ground because it presents a question of state law only and
that the court should deny the fourth ground as moot.

    A.   <u>Jury Instructions on Self-Defense</u>

    The petitioner challenges the trial court's jury
instructions regarding self-defense as violating his
constitutional right to a fair trial.  Specifically, he contends
that (1) the trial court failed to instruct the jury on the duty
to retreat in accordance with Connecticut General Statutes § 53a-
19(b)(1)[2] and (2) that the trial court failed to properly
instruct the jury regarding the subjective element of the self-
defense inquiry in accordance with Conn. Gen. Stat. § 53a-19(a).[3]

_____

   [2]  Connecticut General Statutes § 53a-19(b)(1) provides in
pertinent part that "a person is not justified in using deadly
physical force upon another person if he knows that he can avoid
the necessity of using such force with complete safety . . . by
retreating. . . . " Conn. Gen. Stat. § 53a-19(b)(1).

   [3]  Connecticut General Statutes § 53a-19(a) provides in
pertinent part that
          a person is justified in using reasonable
          physical force upon another person to defend
          himself or a third person from what he
          reasonably believes to be the use or imminent
          use of physical force, and he may use such
          degree of force which he reasonably believes
          to be necessary for such purpose; except that
          deadly physical force may not be used unless
          the actor reasonably believes that such other
          person is (1) using or about to use deadly
          physical force, or (2) inflicting or about to
          inflict great bodily harm.
Conn. Gen. Stat. § 53a-19(a).

The Connecticut Appellate Court determined the following additional facts were relevant to these claims:

> The trial court instructed the jury on self-defense as follows: 'The law provides that a person is justified in using deadly force upon another person to defend himself from what he reasonably believed to be the use or imminent use of deadly physical force or the infliction of great bodily harm, provided that the person may only use the degree of force which he reasonably believed to be necessary for the purpose of defending himself.
>
> A person cannot use what the law calls deadly physical force, that is physical force which can be reasonably expected to [lead] to death or serious physical injuries, unless he reasonably believes that the other person was himself using or about to use deadly physical force or was inflicting, or about to inflict great bodily harm. The key word in the general rule and these important exceptions is "reasonable."
>
> First of all, the defendant must have a reasonable belief that he is faced with the imminent use of deadly physical force upon him. A reasonable belief is one which a reasonably prudent person in the same circumstances would have. It is not an irrational belief, nor is it a belief that is not justified by all the circumstances existing then and there, nor is it necessarily the belief that the defendant in fact had; it is the belief that a reasonable person would have had under the circumstances. Secondly, acting with that reasonable belief, the amount and the degree of force which he uses must be reasonable. It must be that degree of force which a reasonable person in the same circumstances would use and no more.
>
> If the degree of force used is excessive or unreasonable in view of all the

> circumstances, the defendant is not entitled
> to the defense of self defense. Whether the
> defendant had a belief that Mr. Stuart was
> about to inflict deadly physical force
> against him, and if he had that belief,
> whether it was a reasonable belief, and
> whether the defendant's use of deadly
> physical force was reasonable are all
> questions of fact for you to decide.'

Bellino, 31 Conn. App. at 388-89, 625 A.2d at 1382-83.

The burden of proof on a state prisoner regarding a claim of improper jury instruction is greater than the showing required to prove plain error on direct appeal. He must show that the objectionable instruction "by itself so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (internal quotation marks and citations omitted). He cannot merely show that the instruction is erroneous or "even universally condemned." Id. (internal quotation marks and citations omitted). Further, jury instructions in state court normally are a matter of state law. Thus, unless petitioner can establish that the purported error deprived him of a federal constitutional right, the federal court will not review the claim in a petition for writ of habeas corpus. See United States ex rel. Stanbridge v. Zelker, 514 F.2d 45, 50 (2d Cir.), cert. denied, 423 U.S. 872 (1975).

The Connecticut Appellate Court noted that although the petitioner submitted a written request to charge on self-defense to the trial judge, the request did not comply with the

requirements of the Connecticut Practice Book.  Thus, the
petitioner failed to properly preserve the claims regarding the
trial court's jury instructions on self-defense for appellate
review.  Accordingly, the Connecticut Appellate Court applied the
test set forth in State v. Golding,[4] 213 Conn. 233, 567 A.2d 823
(1989), to determine whether these claims were reviewable on
appeal.

     1.   Duty to Retreat

Upon review, the Connecticut Appellate Court stated that the
petitioner's claim that the trial court did not instruct the jury
on the duty to retreat or the statutory limitations on the duty
to retreat was correct.  The Appellate Court noted, however, that
no evidence was presented indicating that the petitioner could
have safely retreated from his vehicle and the state did not
argue that retreat was a viable option for the petitioner.  In

---

[4]  In Golding, the Connecticut Supreme Court held that "a
defendant can prevail on a claim of constitutional error not
preserved at trial only if *all* of the following conditions are
met: (1) the record is adequate to review the alleged claim of
error; (2) the claim is of constitutional magnitude alleging the
violation of a fundamental right; (3) the alleged constitutional
violation clearly exists and clearly deprived the defendant of a
fair trial; and (4) if subject to harmless error analysis, the
state has failed to demonstrate harmlessness of the alleged
constitutional violation beyond a reasonable doubt."  Id. at 239-
40.  The Connecticut Supreme Court will review a claim if the
first two conditions are satisfied.  See State v. George B., 258
Conn. 779, 784, 785 A.2d 573, 578-579(2001)(observing, "[t]he
first two requirements involve a determination of whether the
claim is reviewable; the second two requirements involve a
determination of whether the defendant may prevail.").

fact, the undisputed evidence presented at trial demonstrated that the petitioner could not retreat from his vehicle.  The Connecticut Appellate Court concluded that the principles of law regarding the duty to retreat did not play a part in the case and the jury could not have been misled by the lack of instruction on the duty to retreat.  The court concluded that the trial court properly omitted the instruction regarding the duty to retreat.

       2.   <u>Subjective Belief Regarding Imminent Attack</u>

The petitioner argues that the trial court failed to properly instruct the jury on the subjective prong of the self-defense test.  During the initial portion of the charge relating to self-defense, the trial court instructed the jury, in accordance with Connecticut General Statutes § 53a-19(a), that there was both a subjective and objective test for evaluating whether the defendant believed he was in danger of imminent harm.  The Connecticut Appellate Court noted that the trial judge also re-focused the jury on the subjective portion of the test when it summarized the jury's task in evaluating the claim of self-defense.  Thus, the Connecticut Appellate Court concluded that the trial court's instructions on the subjective element of the self-defense test were adequate.

In reviewing both of these challenges to the jury instructions on self-defense, the Connecticut Appellate Court considered the jury charge in its entirety and in conjunction

14

with the evidence presented at trial as is required under Supreme Court law.  See California v. Brown, 479 U.S. 538, 541 (1987); Cupp v. Naughten, 414 U.S. 141, 146-47 (1973).  The petitioner has identified no clearly established Supreme Court law that was misapplied or disregarded by the Connecticut Appellate Court and the court can discern none.  Thus, the petitioner has not established that the Connecticut Appellate Court's decision regarding the jury instruction on self-defense was contrary to or an unreasonable application of Supreme Court law.  The petition for writ of habeas corpus is denied as to the first ground for relief.

 B. <u>Ineffective Assistance of Counsel</u>

 The petitioner contends that trial counsel was ineffective because he failed to conduct an investigation prior to trial, never interviewed witnesses, failed to present an adequate theory of defense, failed to challenge the sufficiency of the evidence and improperly advised him to testify falsely at trial.  The petitioner raised the claim regarding counsel's advice concerning his trial testimony in the first state habeas petition filed in 1994.  The petitioner raised the remaining claims of ineffective assistance in the third state habeas petition filed in 1997.

 An ineffective assistance of counsel claim is reviewed under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail, the petitioner must demonstrate, first, that

15

counsel's conduct "fell below an objective standard of reasonableness" established by prevailing professional norms and, second, that this incompetence caused prejudice to him.  Id. at 687-88.  Counsel is presumed to be competent.  Thus, "the burden rests on the accused to demonstrate a constitutional violation." United States v. Cronic, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong of the Strickland test, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome" of a trial.  Id.  When the ineffective assistance of counsel claim is premised on counsel's strategies or decisions, the petitioner must demonstrate that he was prejudiced by his counsel's conduct.  To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice.  See Strickland, 466 U.S. at 700.  Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

In its analysis in both state habeas matters, the Connecticut Superior Court applied the standard established in Strickland.  Because the state court applied the correct legal standard, the state court decisions cannot meet the "contrary to" prong of section 2254(d)(1).  Thus, the petitioner may obtain

16

federal habeas relief only if the state court decisions were an unreasonable application of that standard to the facts of this case.

### 1.   Advice Regarding False Testimony

The petitioner claimed in the first state habeas petition filed in 1994 that trial counsel advised him to take the witness stand and testify falsely that he did not shoot the victim.  The petitioner claimed that he followed the advice of his attorney and lost the opportunity to offer evidence that he acted in self-defense.

At the petitioner's hearing on this habeas petition, the Connecticut Superior Court made the following findings and legal conclusions with regard to petitioner's claims that counsel was ineffective at trial:

> The court found Attorney Tiernan to be a very credible witness and found his testimony to be truthful.  The petitioner has not sustained his burden of proof on any of the allegations in his amended petition dated August 2, 1995.  The court finds that the petitioner has not satisfied the first prong under the test set forth in Strickland v. Washington, supra in proving that Attorney Tiernan's representation of him was deficient.  Likewise, he has not proven the second prong of the aforesaid test.  There is no evidence of prejudice to the petitioner by Attorney Tiernan's representation of him.

Bellino v. Barbieri, No. 359354, 1995 WL 779092, at *3 (Conn. Super. Ct. Dec. 7, 1995).

At the state habeas hearing, the court credited the

attorney's testimony over the petitioner's and concluded that the attorney had provided the petitioner with competent representation.  (See id.)  The state court judge also found that in view of the uncontradicted testimony of trial counsel that the judge had instructed the jury in the petitioner's criminal trial on self-defense, the petitioner had suffered no prejudice as a result of the alleged advice of counsel concerning petitioner's testimony at trial.  Thus, the court concluded that the petitioner had failed to satisfy either prong of the Strickland test and dismissed the petition on that ground.

If the state court has considered a claim on the merits and the petitioner has not presented clear and convincing evidence to the contrary, the federal court presumes that the state court's factual determinations are correct.  See 28 U.S.C. § 2254(e)(1); Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001).  Here, the state court's decision is supported by specific references to the evidence presented at the hearing and the credibility of the witnesses.  The petitioner has not rebutted that presumption by presenting clear and convincing evidence to the contrary.  Thus, the court presumes that the state court's factual findings in the first state habeas petition are correct.

After careful review, the court concludes that the determinations of the state court regarding the level of performance by trial counsel in advising the petitioner as

18

whether or not to testify at trial and the absence of prejudice from the alleged improper advice are not an unreasonable application of the Strickland standard.  Accordingly, the claim that trial counsel was ineffective because he improperly advised him to testify falsely at trial is denied.

> 2.   Remaining Ineffective Assistance Claims

The petitioner claimed in his third state habeas petition filed in 1997, that trial counsel was ineffective because he did not adequately investigate his case, did not engage in legal research or prepare a defense theory, did not call any witnesses to testify at trial and failed to challenge the sufficiency of the evidence.  He amended his petition in January 2001, to include ineffective assistance claims against his appellate attorney and the attorney who represented him in the 1994 habeas petition.

At the petitioner's hearing on the amended habeas petition, the Connecticut Superior Court made the following findings and legal conclusions with regard to petitioner's claims that counsel was ineffective at trial:

> In preparing his defense Attorney William
> Tiernan reviewed the state's attorney's
> complete file, and met with the petitioner on
> several occasions.  Attorney Tiernan
> interposed a defense of self-defense.  As to
> the claim of failure to call witnesses,
> Attorney Tiernan testified that two of the
> witnesses resided outside of Connecticut.
> The court notes that the witness issue was
> not raised in the habeas ruled upon by Judge

19

Sullivan.

> Having reviewed the testimony presented at
> the hearing on this petition, and having
> reviewed the transcripts of the prior
> proceedings which were submitted in evidence
> for this proceeding, this court finds that
> Attorney Tiernan provided competent
> representation to the petitioner.

Bellino v. Tarascio, No. CV97395745, 2001 WL 688509, at *2

(Conn. Super. Ct. May 29, 2001).

At the state habeas hearing, the court credited the

attorney's testimony over the petitioner's and concluded that the

attorney had provided the petitioner with competent

representation.  (See id.)  Thus, the court concluded that the

petitioner had failed to satisfy the first prong of the

Strickland test and dismissed the petition on that ground.  See

id., Bellino v. Tarascio, No. CV97395745, 2001 WL 688507, at *1

(Conn. Super. Ct. May 25, 2001).

If the state court has considered a claim on the merits and

the petitioner has not presented clear and convincing evidence to

the contrary, the federal court presumes that the state court's

factual determinations are correct.  See 28 U.S.C. § 2254(e)(1);

Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001).  Here, the

state court decisions are supported by specific references to the

evidence presented at the hearing and the credibility of the

witnesses.  The petitioner has not rebutted that presumption by

presenting clear and convincing evidence to the contrary.  Thus,

20

the court presumes that the state court's factual findings with respect to petitioner's third state habeas petition are correct.

After careful review, the court concludes that the determinations of the state court regarding the level of performance by trial counsel in conducting an investigation prior to trial, determining whether to interview and/or call witnesses, presenting an adequate theory of defense and challenging the sufficiency of the evidence are not an unreasonable application of the <u>Strickland</u> standard to the facts of this case. Accordingly, the claim that trial counsel was ineffective because he failed to conduct an investigation prior to trial, never interviewed witnesses, failed to present an adequate theory of defense and failed to challenge the sufficiency of the evidence is denied.

C.   <u>Denial of Petition for Certification to Appeal</u>

The petitioner argues that the trial court abused its discretion in denying his petition for certification to appeal the May 2001 denial of his amended petition for writ of habeas corpus.  The only claims cognizable in a federal habeas corpus action are that a state conviction was obtained in violation of some right guaranteed by the United States Constitution or other federal law.  <u>See</u> <u>Estelle</u>, 502 U.S. at 68 (holding that a claim that a state conviction was obtained in violation of state law is not cognizable in the federal court); <u>Dunnigan</u>, 137 F.3d at 125

(same).  The petitioner has no federal constitutional right to a assert a claim on collateral review of his conviction.  <u>See</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 556-57 (1987) ("Postconviction relief . . . is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction.  States have no obligation to provide this avenue of relief." citing <u>United States v. MacCollom</u>, 426 U.S. 317, 323, (1976)).  Thus, a claim that the state court abused its discretion in denying the petitioner certification to appeal the denial of a state habeas petition is matter of state law and is not cognizable in this action.  Accordingly, the amended petition for writ of habeas corpus is denied on this ground.

   D.   <u>Habeas Court Erred in Denying Claim of Ineffective</u>
        <u>Assistance of Counsel</u>

     The petitioner reiterates the ineffective assistance of trial counsel claims raised in his amended state habeas petition filed in January 2001.  These claims were raised by the petitioner in ground two of the present amended petition.  The court has already addressed petitioner's claims of ineffective assistance of trial counsel in a prior section of this ruling and concluded that the determinations of the state court regarding the level of performance by trial counsel were not an unreasonable application of the <u>Strickland</u> standard to the facts of the petitioner's case.  Accordingly, this claim is denied as

moot.

V.   Conclusion

The amended petition for a writ of habeas corpus [**doc. #21**] is **DENIED.**  Because the petitioner has not made a showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment in favor of the respondent and close this case.


**SO ORDERED** this ___30th_____ day of January, 2007, at Hartford, Connecticut.

                              **/s/DJS**
                    _____
                    **Dominic J. Squatrito**
                    **United States District Judge**

23